IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:09-1109-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTWAN DEWITT SUMTER | ) | |
| | ) | |

The *pro se* defendant/petitioner, Antwan Sumter, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved to dismiss[2] the petition.

For the reasons which follow, the court has determined that an evidentiary hearing is not necessary and that the §2255 motion should be dismissed.

PROCEDURAL HISTORY

On August 25, 2011, the defendant pled guilty to the lesser included offense of conspiracy to possess with intent to distribute and to distribute five grams or more of cocaine base and 500 grams or more of cocaine powder.

At the sentencing hearing held on December 7, 2011, the defendant ultimately withdrew his objections to the Presentence Report (PSR). The PSR used a 1 to 1 ratio of

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[2] After the government moved for dismissal/summary judgment of the § 2255 motion, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. The defendant responded to the motion.

1

crack to cocaine, resulting in a total offense level of 29. Coupled with a criminal history category II, this produced a guideline range of 97 to 121 months. The court imposed a sentence of 97 months imprisonment. The defendant did not file a direct appeal of his judgment and conviction.

The present § 2255 petition was filed on September 24, 2012, with additional supporting attachments filed on October 11, 2012. In his petition, the defendant asserts that he "should have received the 'safety-valve' Section 3553(f). He also seeks to compare his case to that of Eric Davis, CR 3:07-672-JFA (a defendant in an unrelated criminal case), suggesting that because his guideline sentence range and offenses were the same as Davis's, that his sentence is unfair.

The government has responded to the § 2255 petition and moves for dismissal. The government contends that the defendant is not entitled to a "safety valve" sentence because his criminal history category was more than I, and also because the defendant possessed a gun in connection with the offense.

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. A petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

In his February 4, 2013 response to the government's motion to dismiss, the defendant discusses new issues and claims involving his proffer agreement and drug weights. However, these issues were not previously set forth in the original § 2255 petition or the supplemental memoranda. The government suggests that these are new claims and they are untimely as they are beyond the one-year time limitation of the AEDPA within which to raise claims under § 2255, citing *United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000). The court does not construe the petitioner's discussion of issues as new claims as he did not file a motion to amend his original petition. As such, the issues raised in the petitioner's response will not be addressed.

With regard to the defendant's asserted entitlement to a safety valve sentence, the defendant's claim is without merit. A review of the transcript of the sentencing hearing (ECF No. 368), reveals that the objection relating to the gun enhancement was withdrawn; the objection relating to the characterization of the defendant's probation status was resolved in favor of the defendant; and the remaining objections were withdrawn as well. The defendant affirmatively indicated to the court that he had enough time to read over and discuss the PSR with his attorney and that he affirmatively wished to withdraw the objections to the PSR.

Under 18 U.S.C. § 3553(f), the statutory minimum is removed for certain drug crimes that did not result in death or serious injury, if the court finds that the defendant has minimal criminal history; was not violent, armed, or a high-level participant; and provided the government with truthful, complete information regarding the offense of conviction and related conduct.

The requirements for application of the safety valve are also set out in U.S.S.G. § 5C1.2.:

> (a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Here, the defendant's criminal history category was determined to be II. Under the sentencing guidelines, the requirement is the defendant cannot have more than 1 criminal *point*. Moreover, the defendant was given two levels for firearm possession. Therefore, the

defendant did not and does not now qualify for a safety valve provision to his sentence.

As to the petitioner's claim that his sentence is unfair compared to another defendant's in an unrelated criminal case, the claim is without merit.

CONCLUSION

For all the foregoing reasons, the court hereby grants the government's motion to dismiss the § 2255 petition.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 12, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).